■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J., at suppression hearing and trial) rendered February 14, 1991 by which the defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentenced, as a second felony offender, to concurrent terms of 7 to 14 years and 1 year respectively, unanimously reversed on the law and the facts, defendant's motion to suppress the physical evidence is granted and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The defendant was arrested as a result of a "buy and bust" operation. At the *Mapp* suppression hearing the undercover officer testified that he purchased three glassine envelopes of heroin from the defendant after he observed individuals receiving glassine envelopes from the defendant in exchange for money near 865 E. 181st Street. The arresting officer testified that he apprehended the defendant after receiving a radio transmission from the undercover officer which contained a description of the seller and his location. Neither the undercover officer nor the arresting officer testified as to the specific contents of the description radioed by the undercover officer. No other evidence was presented to establish the contents of the description upon which the arresting officer relied to arrest the defendant. Seventeen glassine envelopes of heroin were recovered from the defendant's person. The prerecorded buy money was not recovered.

The trial court erred in concluding that probable cause for

defendant's arrest was established at the suppression hearing, where the officers who testified could not remember or verify the details of the description contained in the transmission from the undercover officer to the arresting officer. The reliability of information sent by a police officer with personal knowledge of the facts transmitted to another officer is presumed and the prosecution is not required to call the undercover officer to testify at the suppression hearing in order to discharge its burden of establishing probable cause for the arrest *(People v Ferguson,* 115 AD2d 615, 616; *see also, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). However, the sufficiency of the information to establish probable cause is not presumed. Therefore the content of the transmission upon which the police acted, not just its basis or source, must also be proved at the hearing *(People v Dodt,* 61 NY2d 408, 415-416). The reviewing court must be supplied with the description upon which the police acted along with sufficient evidence to make its own independent determination of whether the person arrested or item seized reasonably fit that description *(supra,* at 415). The prosecution failed to meet its burden in this case.

Given this result, we need not reach the other contention raised by the defendant on this appeal. Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.