(December 1, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SPROWAL, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered on June 15, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to a term of 4½ to 9 years, unanimously reversed, and the matter remanded for a new trial.

Appellant's conviction arises from a buy and bust operation involving crack-cocaine. Appellant is entitled to a new trial because several jurors were called to sidebar for examination during voir dire, with counsel present, but in appellant's absence. Some jurors were excused after the sidebar conferences, but others were impanelled. Prospective jurors were questioned about the prevalence of drug traffic in their neighborhoods and how they felt about it. This questioning went beyond the general, administrative pre-voir dire screening approved in *People v Velasco* (77 NY2d 469). Here, the questioning involved the attitudes of prospective jurors to drugs, and directly related to their impartiality in a drug case. Appellant had a right to be present to assess the expressions and attitudes of prospective jurors on these relevant issues.

In a recent decision, *People v Antommarchi* (80 NY2d 247, 250), the Court of Appeals reaffirmed the principle that a juror can be questioned without the presence of the defendant if the questioning relates only to basic qualifications "such as physical impairments, family obligations and work commitments". In language dispositive of this appeal, the Court described the limits beyond which a court may examine prospective jurors without the defendant being entitled to be present as follows: "The court may not, however, explore

prospective jurors' backgrounds and their ability to weigh the evidence objectively unless defendant is present. Defendants are entitled to hear questions intended to search out a prospective juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses and the venire person's answers so that they have the opportunity to assess the juror's 'facial expression, demeanor and other subliminal responses'." *(Supra,* at 250, quoting *People v Sloan,* 79 NY2d 386, 392.) Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.