■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSE, Appellant. [608 NYS2d 213] —Judgment, Supreme Court, Bronx County (John Stackhouse, J., at hearing; Harold Silverman, J., at plea and sentence), rendered January 27, 1993, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent terms of 4½ to 9 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's claim that there was no basis for finding probable cause where the arresting officer, unable to independently recall defendant's appearance at the time of the arrest, refreshed his recollection of the description given to him by the undercover officer from his contemporaneously prepared notes of the arrest, is without merit. (See, People v Petralia, 62 NY2d 47.) Probable cause was established by the officer's testimony that he acted in response to information received from another office with personal knowledge of the facts reported, and that defendant was the only person at the identified location who matched the detailed description transmitted (compare, People v Rivera, 187 AD2d 258). The officer's use of written material before testifying to refresh his recollection bears only upon his credibility, and, in that regard, we defer to the hearing court's assessment made with the advantage of seeing and hearing the witness (People v Prochilo, 41 NY2d 759, 761). Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.