■ The People of the State of New York, Respondent, v Roberto Castro, Appellant. [615 NYS2d 18] —Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered March 9, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate

prison term of 6 to 12 years, reversed, on the law, defendant's motion to suppress the buy money recovered at the time of his arrest granted, and the matter is remanded for further proceedings.

The evidence at the suppression hearing established that, during a buy and bust operation on the afternoon of June 3, 1992, Detective Anthony Lauro was a member of the backup team when he received a radio transmission from an undercover police officer who reported that he had made "a positive buy * * * at the corner of Hunts Point Avenue and Garrison Avenue" and gave descriptions of three individuals who were involved in the transaction. Within a minute, Detective Lauro and his team arrived at the designated location and, based upon the radio transmission, he stopped and detained defendant, patting him down for weapons. Subsequently, he received a second radio transmission from the undercover officer that he had driven by the scene and seen that the three individuals detained were the three involved in the narcotics sale. Detective Lauro then arrested defendant and his companions and, in a search of defendant, recovered two 10 dollar bills in prerecorded buy money which the undercover officer used to buy the narcotics. The hearing court denied defendant's motion to suppress, holding that the buy money was found incidental to a lawful arrest. We disagree.

As recognized by the People, when the police make an arrest based solely on a radio transmitted description, the sufficiency of the evidence is not presumed and, therefore, the People must establish probable cause at a suppression hearing through the arresting officer's testimony regarding the contents of the radio message, not just its basis or source (see, People v Rivera, 187 AD2d 258, 259). At the Mapp hearing, Detective Lauro did not provide the contents or particulars of the radioed description of the individuals who were involved in the drug transaction. He, therefore, did not provide enough facts to establish the reasonable suspicion or probable cause necessary to justify the police action taken against the defendant. The People argue that testimony as to the contents of the radio transmission was not necessary because the arrest resulted from the undercover officer's drive-by confirmation of the identity of the defendant and not the radioed description. However, this argument is flawed because the description was necessary to provide the defendant's physical appearance so that the Mapp court could "make its own independent determination of whether the person arrested or item seized rea-

sonably fit [the] description [received from the undercover officer]." *(Supra,* at 259.) In the absence of the necessary proof to establish a legal predicate sufficient to justify the detention of defendant prior to the drive-by identification, that identification must be suppressed by reason of defendant's unlawful detention *(see, People v Bolden,* 197 AD2d 528, 528-529, *lv denied* 82 NY2d 922).

As to the defendant's claim that the trial court abused its discretion by granting the People's application for a closed courtroom during the testimony of the undercover officer, such claim is without merit. The People established an "overriding interest" that would have been prejudiced by opening the courtroom to the public. Inasmuch as the undercover officer was currently involved in an undercover operation in that general area, the closed courtroom was necessary to protect not only his safety, but the ongoing operation and the lives of his field team. Concur—Ellerin, J. P., Wallach, Rubin and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would affirm defendant's conviction.

I agree with the hearing court that Detective Lauro's initial seizure was an investigatory stop and that the arrest that followed was based not on the descriptions transmitted over the radio, but on the undercover's drive-by confirmation that the three persons who were being detained were the persons from whom he bought the narcotics.

*People v Rivera* (187 AD2d 258) and *People v Dodt* (61 NY2d 408, 415-416), the case upon which it relies, are clearly distinguishable in that in both there was no investigatory stop prior to the defendants' arrests and the police, acting on the undisclosed descriptions (radioed in *Rivera,* teletyped in *Dodt),* simply arrested them. Thus, both cases speak only about the People's burden to come forward with evidence establishing probable cause for the arrest *(People v Rivera, supra,* at 259; *People v Dodt, supra,* at 415). In the instant case, the probable cause for the arrest was provided not by the radioed descriptions, but by the subsequent drive-by eyewitness identification by the undercover officer. The radioed descriptions are thus only relevant to the question of whether Detective Lauro had "reasonable suspicion" to stop and briefly detain defendant for investigatory purposes.

The warrantless stop and frisk of defendant had to be based on reasonable suspicion of criminal activity, *viz.,* " ' "specific and articulable facts which, taken together with rational

inferences from those facts, reasonably warrant [the] intrusion" ' " *(People v Hicks,* 68 NY2d 234, 238, quoting *People v Ingle,* 36 NY2d 413, 420, quoting *Terry v Ohio,* 392 US 1, 21). Here, even disregarding the specific descriptions given to him over the radio, Detective Lauro was told by a reliable informant that he had just bought narcotics from three men standing at a specific intersection. When he arrived at the scene approximately a minute later and saw three men standing at the specified location, he certainly had a founded suspicion that they were the narcotics sellers. While there was no hearing testimony as to what was said to defendant, it is undisputed that Detective Lauro, who was in plainclothes, displayed his badge, which was hanging on a chain around his neck, as he approached defendant, but did not draw or display his revolver *(cf., People v Bora,* 83 NY2d 531). Although defendant "was patted down for the presence of any weapons", none were found and the propriety of such frisk is not at issue and does not affect the legality of the subsequent arrest.

Our consideration must then turn to the question of whether the otherwise valid investigatory stop became invalid by virtue of the subsequent detention of defendant pending the drive-by viewing of defendant by the undercover officer.

In *People v Hicks* (68 NY2d 234, *supra),* where, after he was stopped, the defendant was transported to the crime scene where he was identified by his victim (a much greater intrusion than here), the Court of Appeals (per then Judge Kaye), relying principally on *United States v Sharpe* (470 US 675, 682-686), reiterated the standards to be applied by the courts in such situation, i.e.: (1) "the action must be reasonably related in scope to the circumstances justifying the interference in the first place"; (2) "in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria"; (3) "in this examination it is appropriate to consider that the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant"; and (4) " ' "[a] court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing" ' " *(supra,* at 241-242, quoting from Fourth Dept opn by Boomer, J., 116 AD2d 150, 155, quoting *United States v Sharpe, supra,* at 686).

Applying the foregoing standards to the facts elicited at the suppression hearing, it is clear that "[a] speedy on-the-scene

viewing thus was of value both to law enforcement authorities and to defendant, and was appropriate here" *(People v Hicks, supra,* at 242).