■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CRESPO, Appellant. [616 NYS2d 32] —Judgment of the Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered July 11, 1991, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, unanimously affirmed.

The hearing court properly concluded that the People established probable cause to arrest defendant. The knowledge of a police officer who transmits a report to a fellow officer is imputed to the fellow officer who, when acting on that knowledge, presumptively possesses the requisite probable cause to make an arrest (People v Matienzo, 184 AD2d 296, 296-297, affd on other grounds 81 NY2d 778). At a suppression hearing, the prosecution must demonstrate that the sending officer himself possessed the requisite probable cause to act. That burden may be met without calling the sending officer to testify where "[t]he evidence submitted to the court by the arresting officer shows that he relied on information from another officer on the narcotics team who had personally witnessed the defendant commit the crime just prior to the radio transmission" (People v Petralia, 62 NY2d 47, 51-52, cert denied 469 US 852; see also, People v Parris, 83 NY2d 342).

Here, the arresting officer's testimony established that he relied on information provided by the observation officer, a fellow Street Narcotics Enforcement Unit officer, who indicated that he had personally witnessed the drug sale. Although the hearing testimony does not specify the exact viewing location, it is not disputed that the observation officer had a binocular-range view overlooking Aqueduct Park. He transmitted a description of a buyer who had just "purchased drugs" in the park; based on the information received by radio, the arresting officer apprehended the buyer. Ten minutes later, the observation officer radioed that the seller "who had just been involved in [the] drug sale" was wearing a blue shirt, blue shorts and white sneakers, and was exiting the park; based on this information, the arresting officer followed defendant and apprehended him. Probable cause was established by the arresting officer's testimony that he acted in

response to information supplied by his fellow narcotics officer and that he immediately observed defendant, who matched the description exactly, exiting the park *(People v Rose,* 202 AD2d 189, *lv denied* 83 NY2d 876).

As to the retroactivity of the rule announced in *People v Sloan* (79 NY2d 386), this question has been decided by the Court of Appeals in *People v Sprowal* (84 NY2d 113, *revg* 188 AD2d 251), which holds that *Sloan* is to be given prospective effect only *(see also, People v Hannigan,* 193 AD2d 8 [Mangano, P. J.], *lv granted* 82 NY2d 896).

Defendant's other contentions have been examined and found to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.