■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Appellant. [624 NYS2d 825] —Judgment, Supreme Court, New York County (Richard Failla, J., at hearing; Mary McGowan Davis, J., at trial), rendered March 5, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a predicate felon, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant contends that the Hearing Judge should have granted his motion to suppress since the arresting officer lacked any independent memory of the description of the seller provided by the undercover, and the witness' claim that the buy report refreshed his recollection was incredible as a matter of law. However, it is established that great deference

must be paid to the findings of fact and determinations of credibility by a hearing court *(People v Prochilo,* 41 NY2d 759, 761). Defendant has not met his burden of establishing that the arresting officer's account was incredible as a matter of law. Indeed, in *People v Rose* (202 AD2d 189, *lv denied* 83 NY2d 876), this Court stated that "[t]he officer's use of written material before testifying to refresh his recollection bears only upon his credibility, and, in that regard, we defer to the hearing court's assessment made with the advantage of seeing and hearing the witness".

Defendant's contention that there was no chain of custody established for 9 of the 10 envelopes of heroin is without merit. By failing to object to the admission of the heroin on this ground, defendant has failed to preserve his appellate challenge to the chain of custody (CPL 470.05 [2]; *People v Smith,* 196 AD2d 764, *lv denied* 82 NY2d 853), and we decline to consider it in the interest of justice. In any event, we would find that the People provided reasonable assurances of the identity and unchanged condition of the envelopes of heroin *(People v Julian,* 41 NY2d 340, 343). Moreover, the arresting officer's testimony as to when he vouchered the heroin goes to his credibility, and any weakness in his account affects the weight of the evidence, not its admissibility *(People v Smith, supra).* Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.