■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROBINSON, Appellant. [647 NYS2d 9] —Judgment, Supreme Court, New York County (Richard Lowe, III, J., at suppression hearing; Budd Goodman, J., at jury trial and sentence), rendered March 4, 1994, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The record supports the hearing court's finding that the police acted reasonably in the circumstances in detaining and arresting defendant. Police arrived at the building in which a drug transaction had taken place, within five minutes of a radioed report thereof by the purchasing undercover officer, and observed defendant inside the building in close proximity to the site of the transaction. Defendant matched the radioed

description of the seller, which had included the seller's gender and race and a detailed description of the seller's clothing. In these circumstances, there was, at a minimum, reasonable suspicion of defendant's participation in criminal activity to justify his detention as fellow officers made an immediate search of the area for, *inter alia*, the presence of any other individuals (*People v Hicks*, 68 NY2d 234, 238). It was quickly discovered that there were no others to be found in the lobby or second floor of the building. There was then probable cause to arrest defendant (*see, People v Acevedo*, 179 AD2d 465, 466, *lv denied* 79 NY2d 996; *see also, People v Crespo*, 207 AD2d 668, *lv denied* 85 NY2d 907).

In the circumstances presented herein, the trial court appropriately exercised its discretion in denying defendant's requested identification charges in light of its own comprehensive identification charge that included detailed instruction on weighing identification witnesses' credibility and focused on evaluation of the identification made herein (*People v Whalen*, 59 NY2d 273, 279). Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Andrias, JJ.