■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CALVIN WOLF, Respondent. [648 NYS2d 92] —Order, Supreme Court, New York County (Felice K. Shea, J.), entered on December 17, 1992, which granted defendant's motion to sup-

press physical evidence, and order, same court and Justice, entered on January 15, 1993, which dismissed the indictment, unanimously reversed, on the law, the motion to suppress denied and the indictment reinstated.

The testimony at the suppression hearing established that, on August 30, 1992 at approximately 10:05 P.M., Officer Carlos Torres, who was with his partner in a radio patrol car at the corner of 104th Street and Seventh Avenue in Manhattan, observed defendant as he removed something from a brown paper bag and exchange it for cash with an unidentified man. When the man left, defendant crumpled the bag, placed it on top of a metal gate in front of a closed and apparently abandoned newsstand and walked four or five feet away. Officer Torres and his partner stopped the defendant and Torres retrieved the bag, which he could tell from feeling it contained vials. When he opened it, he found 43 vials of crack cocaine. The defendant then pushed away the other officer and fled. He was arrested later that night.

We find that defendant was without standing to contest the officer's search of the paper bag. A reasonable person would not believe that a person who leaves a crumpled up brown paper bag on the gate of an abandoned newsstand on a public street without taking any measures to guard it or preclude others from taking it has a legitimate expectation of privacy in the bag (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 112-113). We note that there is no indication that, in placing the bag on the gate, the defendant acted in response to any police authority (*supra*, at 110). Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.