■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GARCIA, Appellant. [648 NYS2d 555] —Judgment, Supreme Court, New York County (Clifford Scott, J., at *Mapp* hearing; Budd Goodman, J., at trial and sentence), rendered April 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender to a term of $7^{1}/_{2}$ to 15 years, unanimously reversed, on the law, and the matter is remitted to the trial court for the purpose of conducting an independent source hearing prior to a new trial.

Defendant lacked standing to contest the seizure of the Kool cigarette box that he had deposited on the sidewalk near the curb. Even if defendant had a subjective expectation of privacy in a crumpled cigarette box lying on the sidewalk, "society would not accept that expectation as objectively reasonable" (*People v Mims*, 88 NY2d 99, 113). Accordingly, the hearing court properly denied suppression of the cigarette box and the glassine of heroin found inside it.

However, the hearing court should have suppressed the money recovered from defendant upon his arrest (which, in any event, was not part of the prerecorded buy money) and the undercover officer's drive-by showup identification. The law is clear that when the police make an arrest based solely on a radio-transmitted description, the People must establish probable cause at a suppression hearing, through testimony by the arresting officer, regarding the *details* of the communicated description. Testimony that the arrested person matched the description of the suspect is insufficient to meet that burden (*see, People v Dodt*, 61 NY2d 408, 415-416; *People v Castro*, 206 AD2d 333, *appeal dismissed* 84 NY2d 976). Since there was no testimony other than that defendant matched the description transmitted, the People failed to meet their burden. Defendant having raised this specific issue at the hearing, his arrest must be deemed unconstitutional and the fruits of that arrest—the money and the drive-by identification—must be suppressed (*see, People v Dodt, supra*, at 417; *People v Castro, supra*).

In order to determine whether the undercover officer should nonetheless have been allowed to make an in-court identification, it is necessary to reverse the judgment of conviction and order an independent source hearing on this issue, to be fol-

lowed by a new trial (*People v Gethers*, 86 NY2d 159; *People v Burts*, 78 NY2d 20; *People v Dodt, supra*).

Motion for reargument granted, and, upon reargument, the prior unpublished decision and order of the Court entered on June 6, 1996 is recalled and vacated, and a new decision and order of this Court is substituted therefor. Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.