■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARY HUNT, Appellant. [653 NYS2d 13] —Judgment, Supreme Court, New York County (Alfred Donati, J., at suppression hearing; John Bradley, J., at jury trial and sentence), rendered June 27, 1994, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him

as a second felony offender to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant did not have standing to challenge the seizure of the pouch filled with drugs since he failed to demonstrate that he had a reasonable expectation of privacy in the pouch, which was recovered from under a bench, some distance from defendant, in an open and public area and was " 'readily accessible to animals, children, scavengers, snoops, and other members of the public' " (*People v Mims*, 88 NY2d 99, 113). In any event, the officers' communication amongst themselves with regard to defendant and the observed sale was sufficient to establish probable cause to arrest. It can be inferred from circumstantial evidence that the observing officer conveyed all the necessary information to the arresting officer (*supra*, at 114).

The court did not improvidently exercise its discretion in denying the defense request for a second adjournment of this short trial to allow it another opportunity to secure the presence of witnesses (*People v Covington*, 233 AD2d 169), where the court had no reliable indication that the witnesses would ever appear or that their appearance would benefit the defense. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.