■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VANESSA BROWN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RANDAL JONES, Respondent. [656 NYS2d 262] —Order, Supreme Court, New York County (Antonio Brandveen, J.), entered October 19, 1995, which granted defendants' motion to suppress physical evidence and identification, unanimously reversed, on the law, and the motion denied.

Defendants are charged with having sold narcotics to an undercover officer on First Avenue and 112th Street. They were arrested within minutes by another officer, a detective who was the sole witness at the suppression hearing. In order to establish probable cause at a suppression hearing where an arrest is based on a radio-transmitted description, such as here, probable cause cannot be established merely through conclusory testimony to the effect that the defendant matches the description provided by the undercover. Rather, it is necessary for the People to elicit testimony regarding the content of the communicated description (*People v Dodt*, 61 NY2d 408, 415-416; *People v Castro*, 206 AD2d 333, *appeal dismissed* 84 NY2d 976; *People v Rivera*, 187 AD2d 258).

In the instant case, the arresting officer had little independent recollection at the time of the hearing of the particulars of the description provided by the undercover. He did remember that the undercover gave an initial description when he radioed that he had made a buy, followed by a detailed description as the transmission continued. Without refreshing his recollection, the detective recalled that the initial description was of a male black, very tall, and a female black with a multicolored handkerchief on her head. As the detective proceeded to the location specified, a block away, the undercover gave a detailed description of the sellers. Upon arriving at the location, along with other members of the back-up team, the detective saw the defendants, who matched the descriptions just provided. As he got out of the car and approached them, he heard the undercover say, over a team member's radio, something to the effect of "they're in front of you."

At various points throughout his testimony, the detective repeated that the undercover's initial description was followed by a more detailed description of both defendants, which the detective did not write down until he arrived at the precinct later in the day; he refreshed his recollection of the more detailed descriptions with those notes during the course of his testimony.

Because the detective needed to consult his notes regarding these descriptions, the hearing court concluded that he "seemed unsure" about the description provided. In the next sentence, the court then concluded that "[t]hat development left a question about whether there was a detailed description of the suspects by the undercover officer or did Detective Stokes get the descriptions later at the precinct (*see, People v Rivera*, 187 AD2d 258)." The court proceeded to discuss how, without testimony regarding the contents of the undercover's description, as was the case in *Rivera*, probable cause was lacking.

The hearing court erred in reaching these conclusions, which were entirely unsupported by the record. The detective was not "unsure" about the description provided, and the court did not lack testimony regarding the contents of the undercover's transmission. The detective simply had little present recollection of it. He was certain, however, that the undercover gave a detailed description of the two sellers, that defendants were the only ones at the location who matched the descriptions and that the descriptions were reflected in what the detective wrote down later in the day. Moreover, as noted above, in a contemporaneous radio transmission, the undercover confirmed that the arresting officers were approaching the sellers immediately before the arrest.

The court seems to have mistakenly equated the lack of independent recollection and use of post-custody notes with the failure of the People's proof, without regard for the particular circumstances of the case. To the contrary, we have held that in such cases the use of written material—even "contemporaneously prepared notes of the arrest"—does not defeat a finding of probable cause; rather, the use of such material "bears only upon [the officer's] credibility" (*People v Rose*, 202 AD2d 189, *lv denied* 83 NY2d 876; *see also, People v Cid*, 216 AD2d 131, *lv denied* 86 NY2d 872; *People v Rivera*, 213 AD2d 281, *lv denied* 86 NY2d 740). While we normally accord great deference to a hearing or trial court's assessment of a witness's credibility (*People v Prochilo*, 41 NY2d 759, 761), the court's decision does not suggest that it made an adverse assessment of the detective's credibility. Instead, it seems to have focused solely

on the mere fact of the detective's reference to the notes made after the arrest, and from this fact speculated that there might not have been any description at all. In seizing on this conduct and speculating in this fashion, the court ignored the detective's consistent, unwavering and unimpeached testimony that the undercover transmitted detailed descriptions of both defendants; that those descriptions were reflected in the detective's subsequent notes; and that defendants matched the descriptions given. Accordingly, it was error to have granted suppression. Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.