■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BARNABY INFANTE, Respondent. [667 NYS2d 374] —Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), dated June 4, 1996, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

A resolution of the issue of the legality of the police officers' interaction with the defendant depended, in this case, on whether the defendant was seen by the police in a stolen Toyota Camry, as the People's witness, Officer Porter, testified, or was never in that car, as the defense witness, a friend of the defendant, testified.

In its decision, the Supreme Court found the defense witness's "statement of the facts more accurate than Officer Porter's".

Although "factual findings by a hearing court are not to be lightly disregarded, plainly unjustified or clearly erroneous findings are not to be accepted" by an appellate court (*People v Tempton*, 192 AD2d 369, 370; *see also, People v Pilotti*, 127 AD2d 23, 29). In its decision, the Supreme Court credited a detective's hearing testimony that the defendant gave a voluntary statement to the police, after being given *Miranda* warnings, wherein he admitted that he was in the stolen car. Under these circumstances, the Supreme Court's decision to credit the testimony of the defendant's friend is illogical, and cannot be accepted.

Since the weight of the probative evidence adduced at the suppression hearing indicated that the defendant was seen by the police in the stolen car, the subsequent police conduct was, contrary to the Supreme Court's determination, lawful in all respects. Accordingly, the Supreme Court erred in suppressing the fruits of that conduct, i.e., a knapsack and two statements. Finally, the record indicates, and the Supreme Court acknowledged, that the police officer performed a lawful computer check on the Toyota Camry and determined that it was stolen before he ever approached the defendant. Accordingly, the Supreme Court erred when it suppressed the stolen car.

The order appealed from is therefore reversed and the

defendant's motion to suppress is denied. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.