■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERANCE RILEY, Respondent. [— NYS2d —] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered April 15, 1992, granting defendant's motion to suppress physical evidence, and order, same court and Justice, entered on or about March 18, 1994, dismissing the indictment, unanimously reversed, on the law, the motion denied and the indictment reinstated.

On August 5, 1991, at about 7:00 P.M., two uniformed Port Authority Police Officers stationed at the third level of the Port Authority Bus Terminal observed defendant on the street below as he engaged in apparent drug transactions. The officers saw defendant extract an item from a small brown paper bag on the ground near a chain link fence, which he gave to another man in exchange for currency. After dropping the bag back to the ground, defendant pushed it up against the fence with his foot. A few minutes later, defendant returned to the bag by the fence, removed another item, handed it to a woman in exchange for currency and with his foot again pushed the bag back toward the fence. Defendant then approached another man, handed over a folded wad of currency and returned to the fence. After moving the bag about ten feet along the fence, defendant went to a phone booth on the corner, about ten feet from the bag. One of the officers, who had gone down to street level, passed defendant, who was on the phone, and retrieved the bag, which, upon being opened, was found to contain 15 vials of crack.

Defendant was indicted for criminal possession of a controlled substance in the third degree. Defendant, in moving to suppress, contended that he had a reasonable expectation of privacy in the bag and that the warrantless seizure was unlawful. The motion court found that defendant had not abandoned the bag, but had retained a possessory interest in it, conferring standing to challenge its seizure, and that the police lacked reasonable suspicion that defendant had committed a crime.

We reject the reasoning and findings of the motion court on both issues. A possessory or proprietary interest in the item seized is an insufficient basis by itself on which to ground standing (*People v Wesley*, 73 NY2d 351, 357-358), especially

when the item is left in an area open to the public (*supra*, at 359). Rather, the test is whether a person retains an expectation of privacy in the property, which has both a subjective prong, that the person intended such, and an objective prong, that such an expectation is reasonable under the circumstances (*People v Ramirez-Portoreal*, 88 NY2d 99, 108). Under the present circumstances, in which the defendant left his "stash" in a location " 'readily accessible to * * * scavengers, snoops, and other members of the public [citation omitted]' " (*People v Mims*, 88 NY2d 99, 112-113), in a crumpled brown paper bag, on one of the City's busiest pedestrian streets in close proximity to a major transportation hub in a vicinity notorious for drug trafficking, any expectation of privacy would be manifestly unreasonable (*see, People v Hunt*, 235 AD2d 374, *lv denied* 89 NY2d 1094; *People v Garcia*, 232 AD2d 272; *People v Wolf*, 232 AD2d 263; *People v Turner*, 228 AD2d 331, *lv denied* 88 NY2d 996). In any event, the totality of the officers' observations, including furtive behavior by defendant, who utilized a stash from which items were exchanged for currency in a drug-prone location, established probable cause (*Matter of Devon H.*, 225 AD2d 135, 138-139), notwithstanding the officers' inability to identify the item exchanged (*People v Jones*, 219 AD2d 417, 420-421, *affd* 90 NY2d 835; *People v Schlaich*, 218 AD2d 398, *lv denied* 88 NY2d 994; *People v Graham*, 211 AD2d 55, 58-59, *lv denied* 86 NY2d 795) so that the seizure would have been incidental to a lawful arrest. Under the circumstances, the sequence, in which the officer looked inside the bag prior to arresting the defendant, makes no difference in this regard (*supra*). Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.