■ The People of the State of New York, Respondent, v James Bethea, Appellant. [691 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 28, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is granted.

The defendant was arrested during a so-called "buy and bust" drug operation conducted primarily by an undercover officer and a "ghost" officer. The ghost officer approached a grocery store located on Sutphin Boulevard between Ferndale and 109th Avenues, the interior of which was partitioned by plexiglass panels, so that anyone entering the store was restricted to a small vestibule. Purchases from the store had to be made through a small opening in the plexiglass behind which two store employees stood. Upon entering the vestibule of the store, the ghost officer encountered the defendant, whom he described as a black male, wearing a black tee-shirt and green pants. The defendant and the ghost officer acknowledged each other with a greeting, and thereafter the ghost officer exited the store, looking for potential drug-dealers.

Approximately 30 seconds later, the primary undercover officer entered the vestibule, also encountering the defendant. While standing three to four feet away, outside the store entrance, the ghost officer witnessed the undercover officer as he spoke with the defendant and handed prerecorded money to him in exchange for two bags of cocaine. The undercover officer left the vestibule and, via radio, notified a "back-up team" of officers that the drug transaction had occurred. The back-up team waited approximately ten minutes in order to protect the undercover officer's anonymity before arresting the defendant

on the corner of Sutphin Boulevard and Ferndale Avenue. At the time of the arrest, the defendant had only $4 in his possession, none of it prerecorded bills. He did not have any narcotics on his person.

At the trial, over the defense counsel's repeated objections, the court permitted expert testimony by the arresting officer concerning the variety of roles common to street-level drug transactions. The officer testified that police officers often fail to recover prerecorded buy money or drugs because the drugs are obtained from, and the prerecorded money is handed off to, third parties who remove them from the scene. On cross-examination, the arresting officer acknowledged that in this case, he did not arrest any other person who would have fit the role of a "steerer" (some one who directs the buyer to the seller) or a "stash man" (a separate person who holds the narcotics). He further admitted that he had never questioned the employees of the grocery store to determine their involvement, if any, and he never entered the interior of the store or searched any other people in the vicinity to locate the missing prerecorded money or stashed narcotics.

The defendant contends on appeal that since there was no evidence that the transaction involved more than one person, the People failed to lay a factual predicate for the expert testimony which had the effect of suggesting to the jury that an unidentified intermediary helped the defendant to dispose of prerecorded money or concealed narcotics. He argued that such testimony encouraged the jury to speculate baselessly that the defendant was a member of a well-orchestrated conspiracy to traffic in narcotics. We agree with the defendant that under the facts of this case such expert testimony was improperly admitted.

Opinion evidence must be based upon facts in the record or personally known to the witness. An expert witness cannot reach his conclusion by assuming material facts not supported by the evidence (*see, Cassano v Hagstrom,* 5 NY2d 643, 646; *see also, People v Colon,* 238 AD2d 18). "Expert testimony is admissible only insofar as it may assist the jury to understand the significance of the evidence properly before it when that evidence is not readily interpretable by a layperson * * * It is not a means of establishing basic facts not yet in evidence and as to which the expert is not competent to testify * * * or for placing before the jury a wholly speculative explanation to conceal a gap or inconsistency in proof" (*People v Colon,* 238 AD2d 18, 21, *supra*). There was not a scintilla of evidence in this record from which it could be inferred that any person

other than the defendant was involved in the drug transaction. Furthermore, there was no reason to suppose that the significance of the evidence regarding the transaction was beyond the grasp of the average juror so as to warrant expert testimony that a conspiracy, if it had existed, might have accounted for the absence of drugs and buy money from the defendant's person at the time of his arrest (*see, People v Colon, supra,* at 21).

Contrary to the People's contention, *People v Kane* (207 AD2d 846, *affd* 85 NY2d 1024) is inapplicable to the facts herein, since there was evidence in that case that the defendant, who did not have money or drugs on his person when he was arrested, had been working with at least one other person at the time of the drug transaction. Furthermore, we disagree with the People's apparent argument that the testimony at issue is admissible in all so-called "buy-and-bust" street-level narcotics transaction cases.

In light of our determination we have not considered the defendant's remaining contentions. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.