■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ROSARIO, Appellant. [693 NYS2d 152] —Appeal from judgment, Supreme Court, Bronx County, Indictment No. 7517/94 (Elbert Hinkson, J., on omnibus motion and Denis Boyle, J., at trial and sentence), rendered February 28, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 5½ to 11 years; and appeal from judgment, same court, Indictment No. 6817/94 (Denis Boyle, J.), rendered February 28, 1996, convicting defendant, on his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, concurrent to the sentence imposed under Indictment No. 7517/94, held in abeyance and the matter remanded for a *Mapp/Dunaway* hearing.

In a pretrial motion on Indictment No. 7517/94, defendant sought to suppress seven bags of heroin and pre-recorded bills seized from him upon arrest, as well as to suppress any subsequent identifications as the fruit of the poisonous tree. Defendant alleged that he was not involved in any suspicious or criminal activity, that he was legitimately in the area of the arrest since he was standing around with friends, that he had not engaged in any drug sales at any time that day and that he did not fit the description of anyone involved in a drug sale at that location. The motion court denied his motion for a *Wade* hearing, holding that the identification procedure was confirmatory, and denied his motion for *Mapp* hearing on the ground that the arrest was lawful, having been based on information from another officer. The People's opposition to a suppression hearing failed to allege what description the arresting officer received and whether defendant fit such description. The People alleged no facts supporting the lawfulness of defendant's arrest, but only alleged that after the arrest, his identity was confirmed. Defendant provided grounds and sworn allegations of fact supporting those grounds which entitled him to a *Mapp/Dunaway* hearing (*People v Acevedo*, 176 AD2d 631), for which

purpose we remand. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.