■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT JOSEPH, Appellant. [709 NYS2d 535] —Judgment, Supreme Court, New York County (Michael Obus, J., on summary denial of suppression motion; Dorothy Cropper, J., at nonjury trial and sentence), rendered September 10, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to three concurrent terms of 4½ to 9 years, unanimously affirmed.

The motion court's summary denial of defendant's suppression motion was proper, because defendant's moving papers did not raise a factual dispute requiring a hearing. Defendant did not expressly deny participation in the drug sale upon which his arrest was predicated (*see, People v Mendoza*, 82 NY2d 415; *People v Rosario*, 264 AD2d 369; *People v Lopez*, 263 AD2d 434).

After granting an initial 6-day adjournment, the trial court properly exercised its discretion in denying defendant a second adjournment of this short trial to allow him another opportunity to secure the presence of a witness. The likelihood of the witness's appearance and the value of her testimony were speculative, at best (*see, People v Covington*, 233 AD2d 169, *lv denied* 89 NY2d 941).

The trial court properly precluded defendant from calling his codefendant as a witness. Defendant never filed a motion for severance and there was no indication that the codefendant

was willing to testify. On the contrary, the codefendant did not testify on his own behalf at this joint trial, and when his attorney responded to the application to call his client as a witness by making a motion to dismiss the indictment, this clearly signified that there was no possibility that the codefendant would waive his Fifth Amendment rights for the sole benefit of defendant.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.