(August 10, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ROSARIO, Appellant. [712 NYS2d 499] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J., on omnibus motion; Denis Boyle, J., at trial and sentence), rendered February 28, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to two concurrent terms of 5½ to 11 years; and judgment, same court (Denis Boyle, J.), rendered February 28, 1996, convicting defendant, on his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 4½ to 9 years, unanimously affirmed.

This appeal has been held in abeyance pending a *Mapp-Dunaway* hearing (*People v Rosario*, 264 AD2d 369), which hearing has been held and decision rendered by Supreme Court, Bronx County (Boyle, J.), on February 3, 2000. Defendant's motion to suppress was denied in its entirety. The court found the testimony of Detective Dowling to be credible. That testimony consisted of a refreshed recollection that Dowling had received a radio transmission from the undercover officer with whom he had previously worked. The undercover officer provided a very specific and distinctive description of defendant as one of two individuals who had just sold narcotics to the undercover; the decision to arrest and the subsequent detention happened within minutes after the drug transaction when Dowling used the description to locate defendant. The radioed description provided Dowling with sufficient specificity and detail to enable him to reasonably conclude that defendant was the person described (*People v Hughes*, 240 AD2d 156; *People v Morales*, 246 AD2d 396, *lv denied* 91 NY2d 943; *People v Brown*, 238 AD2d 204, *lv denied* 90 NY2d 1010).

The hearing court succinctly summed up its conclusion as follows: "I conclude, that the stop and detention of defendant, for purposes of the ensuing showup was appropriate and lawful under the circumstances. The subsequent confirmatory identification by the undercover officer, as communicated to Detective Dowling provided more than ample probable cause for defendant's arrest. The contemporaneous search of defendant's person thereafter, incident to defendant's arrest, was therefore lawful. Accordingly, physical evidence recovered from the defendant pursuant to this search was legally obtained [cases cited]."

Defendant argues that Dowling's testimony was incredible as a matter of law, given the passage of time between arrest and testimony as well as the lack of any notation regarding the exact contents of the radio transmission. There is no requirement that recollection can be refreshed only with notes detailing precisely what one is attempting to remember (*People v Betts*, 272 App Div 737). The ability of this detective to remember is, properly speaking, an issue of credibility for the hearing court to which we accord great deference (*People v Rose*, 202 AD2d 189, *lv denied* 83 NY2d 876). The detective's testimony was not " ' " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " ' [citations omitted]" (*People v Davis*, 240 AD2d 309, *lv denied* 91 NY2d 871). Defendant's motion to suppress was properly denied since the detective had probable cause to stop and detain defendant and, after the showup, to effectuate his arrest. Concur—Sullivan, P. J., Rosenberger, Tom, Saxe and Buckley, JJ.