■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DELIA GONZALEZ, Respondent. [738 NYS2d 600] —Appeal by the People from an order of the Supreme Court, Queens County (Erlbaum, J.), dated March 29, 2000, which granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The hearing court erred in its determination that the People failed to meet their initial burden of establishing the reasonableness of the pretrial identification procedure and the lack of undue suggestiveness (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). The hearing court equated the witness's lack of independent recollection and the use of notes with a failure of the People's proof (*see, People v Brown,* 238 AD2d 204, 205). The use of written material, however, "bears only upon [the officer's] credibility" (*People v Brown, supra* at 205 [internal quotation marks omitted]; *People v Rosario,* 275 AD2d 224; *People v Cid,* 216 AD2d 131). Where, as here, the hearing court expressly found the arresting officer to be a very credible witness, it erred in ignoring his testimony. The testimony, which was consistent and unimpeached, was that the undercover officer transmitted a detailed description of the defendant and her location, that he saw no one else in that vicinity matching the description except the defendant, and

that he gave contemporaneous confirmation that the arresting officer had the woman the undercover described (*see, People v Brown, supra; see also, People v Infante,* 245 AD2d 303). Accordingly, the hearing court erred in granting that branch of the defendant's omnibus motion which was to suppress identification testimony.

In light of our determination, we need not address the People's contention that the hearing court should not have precluded them from offering testimony on an independent source for an in-court identification of the defendant. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.