■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD BATTLE, Also Known as ERIC MITCHELL, Respondent. [752 NYS2d 901] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), entered December 18, 2001, as amended by order of the same court, dated January 4, 2002, which granted the defendant's motion to dismiss the indictment on the ground that he was denied an opportunity to testify before the grand jury pursuant to CPL 190.50.

Ordered that the order, as amended, is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

In a hearing on a motion to dismiss an indictment, the defendant has the burden of proving, by a preponderance of the evidence, every fact essential to support the motion (*see* CPL 210.45 [7]; *People v Anderson,* 66 NY2d 529, 541). Although " 'factual findings by a hearing court are not to be lightly disregarded, plainly unjustified or clearly erroneous findings are not to be accepted' " by an appellate court (*People v Infante,* 245 AD2d 303, quoting *People v Tempton,* 192 AD2d 369, 370; *People v Garafolo,* 44 AD2d 86, 88).

The credible testimony at the hearing overwhelmingly established that the defendant, in fact, waived his right to testify before the grand jury (*see generally People v Corley,* 67 NY2d 105, 110). Accordingly, the Supreme Court erred in granting the defendant's motion to dismiss the indictment. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.