■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE CLARKE, Appellant. [787 NYS2d 368]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered August 2, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was arrested during a so-called "buy and bust"

operation. We reject the defendant's contention that the arresting officer lacked probable cause to arrest him. The officer arrested the defendant based on an undercover officer's radio transmission describing the defendant's location and appearance, and the contents of the transmission, together with the arresting officer's personal observations, were sufficient to support a finding of probable cause (*see People v Ketcham,* 93 NY2d 416 [1999]; *People v Mims,* 88 NY2d 99 [1996]; *People v Brnja,* 50 NY2d 366 [1980]; *see also People v Gonzalez,* 292 AD2d 394 [2002]).

Further, where the evidence demonstrated that the defendant was acting in concert with three others, the admission of background testimony by two police officers explaining the general nature of street-level drug transactions served to help the jury understand why no drugs or "buy" money were recovered from the defendant, who was arrested shortly after the sale (*see People v Smalls,* 266 AD2d 570 [1999]; *People v Lacey,* 245 AD2d 145 [1997]; *cf. People v Bethea,* 261 AD2d 629 [1999]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.