■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE COVINGTON, Appellant. [649 NYS2d 793] —Judgment, Supreme Court, New York County (Brenda Soloff, J., at pretrial hearings; Budd Goodman, J., at trial and sentence), rendered August 12, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

The court properly denied the defense request for a second adjournment of this very short trial to allow it another opportunity to secure the presence of a witness, the likelihood of the witness's appearance and the value of his testimony being speculative, at best (*see, People v Tirado*, 223 AD2d 482, *lv denied* 87 NY2d 1026; *People v James*, 200 AD2d 394, *lv denied* 83 NY2d 854). Defendant's claim that the court simply dismissed out of hand his *pro se* pretrial motion, in violation of *People v Renaud* (145 AD2d 367, 369-370, *appeal dismissed* 74 NY2d 734), is plainly refuted by the record, which reveals that the court, acting well within its authority (*see, People v Hunter*, 169 AD2d 538, *lv denied* 77 NY2d 907), advised defense counsel that the motion would be considered only if she took the motion, put it into proper form and submitted it directly, which she failed to do. In any event, we find the *pro se* motion to be without merit. Defendant's challenge to the use of his prior conviction to adjudicate him a second felony offender was properly rejected, his allegations being bare of facts sufficient to support a finding of unconstitutionality (*see, People v Harris*, 199 AD2d 102). Furthermore, we perceive no abuse of sentencing discretion.

We have considered defendant's other contentions, including those raised in his *pro se* reply brief, and find them to be without merit. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.