■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROVONDIS COOPER, Appellant. [661 NYS2d 243] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered September 27, 1995, convicting him of burglary in the second degree (two counts), petit larceny (two counts), criminal mischief in the fourth degree (five counts), criminal possession of stolen property in the fifth degree (four counts), and unlawful possession of marihuana, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to dismiss the indictment and suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the accusatory instrument filed with the court contained the signature of the Grand Jury foreman pursuant to CPL 200.50 (8). Thus, the indictment was not defective *(see, People v Miller,* 75 Misc 2d 1).

As a passenger in the vehicle lawfully stopped by the police, the defendant lacked standing to contest the seizure of the jewelry in plain view recovered from the console next to the steering wheel (see, People v White, 232 AD2d 437).

Contrary to the defendant's contention, it was reasonable for the police officer to check the vehicle in order to secure it prior to having it towed to the impound lot. Thus, the discovery of a glassine envelope of marihuana in plain view on the console and a half-burned marihuana cigarette in the open ashtray was not improper. After the defendant was arrested for possession of marihuana, the numerous items of jewelry recovered from the defendant's pants pocket were seized pursuant to a valid search incident to a lawful arrest (see, People v De Santis, 46 NY2d 82, 87, cert denied 443 US 912). The search of the defendant's black bag recovered from the vehicle during the subsequent inventory search was also proper as closed containers may be opened and examined during an inventory search (see, People v Gonzalez, 62 NY2d 386; People v Gallego, 155 AD2d 687, 689).

The defendant was properly sentenced as a persistent violent felony offender. Since he failed to challenge his 1982 convictions in 1988 when he was sentenced as a second violent felony offender, the defendant waived his right to make any allegation of unconstitutionality with regard to those convictions (see, CPL 400.15 [7] [b]; 400.16 [2]; People v Dickerson, 202 AD2d 247). With regard to the 1988 conviction, the sentencing court did not improvidently exercise its discretion in rejecting, without a hearing, the defendant's challenge to the use of that conviction to adjudicate him a persistent violent felony offender. The defendant's allegations were bare of facts sufficient to support a finding of unconstitutionality (see, People v Covington, 233 AD2d 169; People v Harris, 199 AD2d 102, 103). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.