■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN W. LACELLE, Appellant. [797 NYS2d 612]—

Crew III, J.P. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered July 23, 2001, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On May 12, 2000, Jason Abete, in consideration of $100 paid by defendant, stole a car from the parking lot of the Wells Nursing Home in the City of Johnstown, Fulton County. Defendant and Abete then drove around the area giving a ride to a hitchhiker and a friend. Two days later, they rid themselves of the car by sinking it in the Mohawk River.

Defendant thereafter was indicted and charged with grand larceny in the third degree and grand larceny in the fourth degree. Following a jury trial, at which Abete testified on behalf of the People,[1] defendant was convicted as charged, denied youthful offender treatment and sentenced to an aggregate term of imprisonment of 2⅓ to 7 years.[2] Defendant now appeals.

Initially, defendant contends that his conviction is not supported by legally sufficient evidence inasmuch as Abete's testimony was insufficiently corroborated. We disagree. The hitchhiker picked up by defendant and Abete identified defendant as an occupant of the car and gave a particular identifying description of the car. Additionally, a witness testified that defendant came to his home to borrow a gas can, at which time defendant said that he had taken a car from Johnstown. That same witness testified that defendant told him that defendant had sunk the car in the river. That testimony clearly connects defendant to the crime in a manner sufficient to satisfy the jury that Abete was truthful, and that is all that is necessary to satisfy the corroboration requirement (see People v Crow, 284 AD2d 653 [2001], lv denied 96 NY2d 900 [2001]).

Next, defendant contends that County Court abused its discretion in denying him youthful offender treatment. Again we disagree. The record reveals that defendant has a history of drug and alcohol abuse and previously was afforded treatment opportunities, which he ignored. Moreover, it appears that defendant has a significant criminal history comprising repeated arrests and/or convictions for larceny. Finally, the Probation Department did not recommend youthful offender treatment. Under the circumstances, we cannot say that there exists a clear abuse of discretion and we will, therefore, not disturb County Court's determination (see People v Boyce, 2 AD3d 984, 987 [2003], lv denied 2 NY3d 796 [2004]).

Finally, we reject defendant's contention that the sentence imposed was harsh and excessive. It is clear that County Court considered the appropriate factors in imposing sentence, and we are reluctant to intrude upon the sentencing court's discretion in that regard (see People v Hawes, 298 AD2d 706, 709 [2002], lv denied 99 NY2d 582 [2003]). Moreover, the fact that Abete received a lesser sentence than defendant is not a basis for

---

**1.** Abete was permitted to plead guilty to two burglaries in satisfaction of several burglaries, as well as the instant offense, and he was sentenced to 1 to 3 years in prison in consideration of his testimony.

**2.** County Court ultimately dismissed that count of the indictment charging defendant with grand larceny in the fourth degree because it constituted a lesser included offense of grand larceny in the third degree.

reduction of defendant's sentence (*see e.g. People v Warden*, 141 AD2d 913, 914 [1988]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.