THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MUSMACHER, Appellant. [833 NYS2d 162]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered April 23, 2004, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), criminal use of a firearm in the first degree, and escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80, 82 [2004]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's first trial ended in a mistrial because his attorney learned during the trial that he had a conflict of interest, having previously represented a prosecution witness. Contrary to the defendant's contention, his retrial, which resulted in the instant conviction, was not barred by double jeopardy because he consented to the mistrial (*see People v Catten*, 69 NY2d 547, 558 [1987]).

The County Court properly imposed consecutive sentences on the defendant's convictions for burglary in the first degree and robbery in the first degree (*see People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]).

We reject the defendant's contention that, in sentencing him as a second violent felony offender, the County Court improperly denied the defendant an opportunity to raise a constitutional challenge to the pertinent prior conviction (*see* CPL 400.15). The defendant's allegations "were bare of facts sufficient to support a finding of unconstitutionality," and under the circumstances, the County Court did not err in failing to hold a hearing (*see People v Cooper*, 241 AD2d 553, 554 [1997]; *People v Covington*, 233 AD2d 169 [1996]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and there is no merit to the defendant's contention that he was punished for exercising his right to a trial (*see People v Goolsby*, 213 AD2d 722, 722-723 [1995]; *People v Brown*, 157 AD2d 790, 792 [1990]; *People v Edwards*, 140 AD2d 539 [1988]).

The defendant's remaining contention, that he was denied a fair trial because evidence was presented relating to his prior, uncharged crimes, is without merit. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.