■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR L. DEJESUS, Appellant. [845 NYS2d 517]—

Crew III, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 31, 2005, upon a verdict convicting defendant of the crimes of murder in the second degree and burglary in the second degree.

In the early morning hours of November 1, 2004, defendant and four others went to the home of Henry Gropp for the purpose of stealing money. Upon entering the home, the group were confronted by Gropp and, during the encounter, Gropp was fatally stabbed. Consequently, defendant was indicted and charged with felony murder and burglary in the second degree. Upon his unsuccessful attempt to have his confession suppressed, defendant was convicted on both counts of the indictment and sentenced to concurrent prison terms of 25 years to life on the felony murder conviction and 15 years on the burglary conviction. Defendant now appeals.

Defendant initially contends that County Court improperly denied his motion to suppress inasmuch as the police used deceptive measures to get him to go to police headquarters, denied him access to his brother and did not permit him to call his father. We disagree. While defendant's consent to accompany the police to the station was obtained by ruse, there is nothing in the record revealing that defendant's assent was anything other than voluntary and nothing suggests that defendant's ultimate statement was the result of such ruse, thus rendering his statement admissible (see People v MacGilfrey, 288 AD2d 554, 556 [2001], lv denied 97 NY2d 757 [2002]).

The record further reflects that defendant's brother came to the station and asked about defendant but apparently was not permitted to see him. Defendant claims that this was a basis for suppression of his statement. Again, we disagree. It is now well established that the police are not required to provide a defen-

dant access to a family member who is present at police head-quarters during interrogation (*see People v Cole*, 24 AD3d 1021, 1023 [2005], *lv denied* 6 NY3d 832 [2006]).

Finally, defendant claims that County Court erred in failing to suppress his inculpatory statement by reason of the police failing to permit him to call his father. Initially, we note that the record does not support defendant's contention that the police denied him the opportunity to telephone his father. But, even if they did, we note that defendant was legally an adult and the police had no obligation to permit him to make such a call during the interrogation (*see People v Henson*, 263 AD2d 550, 551 [1999], *lv denied* 93 NY2d 1044 [1999]; *People v Shepard*, 259 AD2d 775, 776 [1999], *lv denied* 93 NY2d 979 [1999]).

We have considered defendant's remaining arguments, including those contained in his pro se brief, and find them equally without merit excepting defendant's contention that County Court erred in admitting a hockey mask into evidence. While that evidence was inadmissible, we find such error to be harmless in light of the otherwise overwhelming evidence of defendant's guilt.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.