■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. ANDERSON, Appellant. [851 NYS2d 680]—

Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 31, 2005, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant stands convicted of burglary in the second degree stemming from his role in the nighttime break-in of the home of a Columbia County couple for the purpose of stealing money.* After denying defendant's request to receive youthful offender status, defendant was sentenced to 6½ years in prison and five years of postrelease supervision. He now appeals.

We are unpersuaded with defendant's claim that pretrial prosecutorial misconduct concerning the failure to timely produce discoverable material, coupled with two prejudicial remarks during summation, warrant a new trial. In each instance of misconduct, County Court properly ameliorated any prejudice to defendant. Thus, we are unable to conclude that he was denied a fair trial (*see People v Galloway*, 54 NY2d 396, 399-400 [1981]; *People v Arce*, 42 NY2d 179, 187 [1977]; *People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]; *People v White*, 173 AD2d 897 [1991], *lv denied* 78 NY2d 976 [1991]; *People v Blair*, 148 AD2d 767, 769 [1989], *lv denied* 74 NY2d 661 [1989]; *People v Demming*, 116 AD2d 886, 887-888 [1986], *lv denied* 67 NY2d 941 [1986]).

First, as a result of the People's discovery violations, County Court ordered them to open their entire file to defense counsel and further postponed commencement of the trial to permit such review. We find that this sanction accomplished the goal of eliminating prejudice to defendant while also protecting society's interests (*see People v Kelly*, 62 NY2d 516, 520 [1984]). Moreover, on each occasion that an inappropriate comment was made during summation, County Court promptly sustained defense counsel's objection to the comment and instructed the jury to disregard it (*see People v Weber, supra*; *People v Smith*, 27 AD3d 894, 898-899 [2006], *lv denied* 6 NY3d 898 [2006]).

---

* During the course of this home invasion, the husband was fatally stabbed. A codefendant was tried separately and stands convicted of murder in the second degree and burglary in the second degree (*People v DeJesus*, 45 AD3d 986 [2007]).

Following the second such comment, and at the request of defense counsel, the court also provided a detailed curative instruction to the jury. Of note, this instruction was found to be acceptable to defense counsel. Under these circumstances, the prosecutorial misconduct, viewed alone or collectively, does not warrant a new trial (*see People v Kirker*, 21 AD3d 588, 589-590 [2005], *lv denied* 5 NY3d 853 [2005]).

Lastly, defendant claims that County Court abused its discretion in denying him youthful offender status. We are unpersuaded. The nature of the crime—a premeditated home invasion in the middle of the night by five people—was extremely serious. Moreover, defendant played a key role in selecting this couple—who cared for him throughout childhood, employed his father for over two decades and otherwise provided a great deal of support to his family—as the target of the quintet's decision to obtain money by stealing. Finally, he has a juvenile legal history and the Probation Department did not recommend youthful offender treatment. Given these factors, we find no abuse of discretion in County Court's decision to deny defendant's request for youthful offender status (*see* CPL 720.20 [1] [a]; *People v Lacelle*, 19 AD3d 869, 870 [2005]; *People v Knowles*, 12 AD3d 939, 941 [2004]; *People v Ferguson*, 285 AD2d 901, 901-902 [2001], *lv denied* 96 NY2d 939 [2001]; *People v Chappelle*, 282 AD2d 881, 881-882 [2001]; *People v Mettler*, 259 AD2d 834, 835 [1999]; *People v Morris*, 220 AD2d 808, 808-809 [1995], *lv denied* 87 NY2d 976 [1996]). We are further unpersuaded that defendant's sentence was harsh or excessive and find no extraordinary circumstances warranting a reduction in the interest of justice.

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.