■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IQUAN D. CARTER, Appellant. [875 NYS2d 303]—

Stein, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 18, 2007 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was arrested after a traffic stop and was thereafter indicted on two counts of criminal possession of a weapon in the third degree and one count of unlawful possession of marihuana. Following a suppression hearing, County Court (Herrick, J.) denied defendant's motion to suppress the evidence found during the traffic stop. Defendant was found guilty of one count of criminal possession of a weapon in the third degree and unlawful possession of marihuana.* He was sentenced to a prison term of six years with three years of postrelease supervision. Defendant now appeals and we affirm.

First, we find that County Court properly denied defendant's motion to suppress the marihuana and the weapon seized at the time of the traffic stop. Officer Edward Vogel testified at the suppression hearing that, while he was on patrol with his partner on a rainy day, they effected a traffic stop of the car in which defendant was a front seat passenger because the vehicle was being operated in violation of Vehicle and Traffic Law § 375 (2) (a) without headlights on. Upon approaching the vehicle, both Vogel and his partner smelled marihuana emanating therefrom. While speaking with the driver—who indicated that he did not have a driver's license (in violation of Vehicle and Traffic Law § 509 [1])—the officers also noticed the backseat passenger acting suspiciously and "like he was trying to hide something," causing Vogel to be concerned for his own safety.

---

* The conviction on the marihuana count was later set aside by Supreme Court.

When Vogel then opened the back door, he observed an unlit marihuana cigarette on the seat. In the meantime, Vogel's partner, who was standing near the front of the car, saw an unlit marihuana cigarette in the open ashtray in the front console, whereupon Vogel asked defendant to exit the vehicle and then placed him in custody. Subsequently, Vogel reached into the car to remove the marihuana cigarette from the ashtray and noticed a gun between the passenger seat and the center console. Upon retrieving the gun, Vogel discovered that it was loaded.

The mere opening of a car door during a traffic stop is a minimal intrusion into an occupant's expectation of privacy and is justified under certain circumstances, including the necessity of securing an officer's safety (*see People v David L.*, 81 AD2d 893, 895-896 [1981, Hopkins, J.P., and Weinstein, J., dissenting], *revd on dissenting mem below* 56 NY2d 698 [1982], *cert denied* 459 US 866 [1982]). Here, given the driver's failure to have a license, the behavior of the backseat passenger, the smell of marihuana coming from the car and Vogel's concern for his own safety, we find that Vogel was justified in opening the back door of the car (*see People v Otero*, 255 AD2d 158, 159 [1998], *lv denied* 92 NY2d 1052 [1999]). Moreover, in the course of a legal traffic stop, the officers were also entitled to order the occupants out of the vehicle even without any detailed reason for believing they possessed a weapon (*see People v Robinson*, 74 NY2d 773, 774-775 [1989], *cert denied* 493 US 966 [1989]). In addition, having seen the marihuana in plain view, the officers had probable cause to arrest defendant and search the car (*see People v Garcia*, 30 AD3d 833, 834 [2006]). Inasmuch as the weapon was also in plain view, it was properly seized (*see People v Brown*, 96 NY2d 80, 88 [2001]). Because the searches were constitutional, County Court properly admitted the evidence seized during the traffic stop.

We also disagree with defendant's contention that the verdict is repugnant. When determining whether a verdict is repugnant, our review is limited to ascertaining what elements of the crimes as charged were described to the jury (*see People v Tucker*, 55 NY2d 1, 7 [1981]; *People v Harris*, 50 AD3d 1387, 1389 [2008]; *People v Rust*, 233 AD2d 778, 779 [1996], *lv denied* 89 NY2d 988 [1997]). Here, defendant was charged with two counts of criminal possession of a weapon in the third degree, but found guilty of only one of them. Supreme Court properly instructed the jury that to find defendant guilty of the first count, it would have to find, beyond a reasonable doubt, that defendant "possessed a firearm[,] [t]hat the defendant did so knowingly[,]

[t]hat the firearm was loaded and operable [and t]hat the defendant possessed such firearm in a place that was not the defendant's home or place of business" (*see* Penal Law § 265.02 former [4]; *People v Tolbert*, 253 AD2d 832, 832 [1998], *lv denied* 92 NY2d 1039 [1998]). As to the second count, Supreme Court correctly instructed the jury that to find defendant guilty it must find, beyond a reasonable doubt, that defendant "possessed a .380 caliber Lorcin handgun, which had been defaced for the purpose of misrepresenting the identity of such .380 caliber Lorcin handgun[,] [t]hat the defendant did so knowingly[,] [and t]hat such firearm was operable" (Penal Law § 265.02 [3]). The elements of the two crimes are not identical. Because an individual can knowingly possess a weapon without necessarily knowing it is defaced, defendant's conviction on the first count is not "inherently inconsistent" with his acquittal on the second count (*People v Tucker*, 55 NY2d at 4) and, therefore, the verdict is not repugnant (*see People v Mendoza*, 300 AD2d 824, 824-825 [2002], *lv denied* 99 NY2d 617 [2003]).

We also reject defendant's challenges to the legal sufficiency and weight of the evidence, which center on the element of possession. Defendant's possession of the weapon may be established through the doctrine of constructive possession, which is based on the exercise of dominion and control over the area in which an item is found (*see People v Edwards*, 39 AD3d 1078, 1079 [2007]). Vogel testified at trial that, after observing a marihuana cigarette in the front console ashtray and requesting that defendant exit the car, he reached into the car to obtain the cigarette. Vogel explained that, as he entered the car to remove the cigarette, he looked down and "saw the butt of a handgun in between the passenger seat and the center console area." He then grabbed the gun and saw that it was loaded with seven rounds of ammunition.

"Viewing [this] evidence in the light most favorable to the People" (*People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]), the People demonstrated, as required, that defendant was in an automobile in which a loaded weapon was present (*see* Penal Law § 265.15 [3]). Given the location and position of the handgun relative to where defendant was seated, the jury was then entitled to accept or reject the permissible inference that defendant possessed the weapon (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Lemmons*, 40 NY2d 505, 511-512 [1976]). Therefore, legally sufficient evidence supports defendant's conviction of criminal possession of a weapon in the third degree (*see People v Mateo*, 13 AD3d 987, 987-988 [2004], *lv denied* 5 NY3d 883 [2005]; *People v Morgan*, 259 AD2d 771, 773 [1999], *lv denied* 93 NY2d 975 [1999]).

Defendant's denial that the weapon was his or that he knew it was in the vehicle, as well as other evidence offered to support a finding that it belonged to one of the other occupants of the vehicle, presented an issue of credibility for the jury to resolve (*see People v Mangual*, 13 AD3d 734, 736 [2004], *lv denied* 4 NY3d 800 [2005]). Although, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d at 495), viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we find that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

We also discern no error in Supreme Court's instruction to the jury as to the doctrine of constructive possession. In relying on the pattern jury instructions, the court properly explained the doctrine and stressed, among other things, that the jury was permitted—but not required—to infer possession based upon defendant's presence in the car with the weapon (*see People v Drake*, 7 NY3d 28, 34 [2006]; *People v Waters*, 30 AD3d 681, 682 [2006], *lv denied* 7 NY3d 796 [2006]).

Finally, we decline to disturb defendant's sentence. Given the nature of the offense and defendant's criminal history, Supreme Court did not abuse its discretion in denying defendant youthful offender status (*see* CPL 720.20 [1]; *People v Anderson*, 48 AD3d 896, 898 [2008], *lv denied* 10 NY3d 859 [2008]). Nor can it be said that defendant's sentence is harsh and excessive and no extraordinary circumstances exist warranting a modification (*see People v Levy*, 52 AD3d 1025, 1028-1029 [2008]; *People v Anderson*, 48 AD3d at 898).

Cardona, P.J., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

