People v Ellis (2020 NY Slip Op 02292)





People v Ellis


2020 NY Slip Op 02292


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

109517 109783

[*1]The People of the State of New York, Respondent,
v
Timothy L. Ellis, Appellant.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


David E. Woodin, Catskill, for appellant, and appellant
pro se.
Benjamin K. Bergman, Special Prosecutor, Binghamton, for respondent.



Clark, J.
Appeals (1) from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 14, 2017, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, burglary in the first degree and burglary in the second degree, and (2) by permission, from an order of said court, entered October 11, 2017, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In February 2016, based upon allegations that he unlawfully entered a home in the Town of Barker, Broome County, and severely beat the occupant about the head with a dangerous instrument, defendant was indicted on charges of attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, burglary in the first degree and burglary in the second degree. During the course of the ensuing jury trial, the Special Prosecutor learned that, in 2009 and 2010, defense counsel had represented two of the People's anticipated witnesses on criminal matters and immediately brought the potential conflict of interest to County Court's attention. After a lengthy discussion with the parties, County Court granted defendant's motion for a mistrial.[FN1] Following a subsequent nonjury trial, defendant was found guilty as charged and sentenced to a prison term of 22 years to life on the conviction for attempted murder in the first degree and to lesser concurrent prison terms on the remaining convictions. Thereafter, defendant unsuccessfully moved, pursuant to CPL 440.10, to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.[FN2]
Defendant argues that his retrial was barred by the prohibition against double jeopardy and that, therefore, the indictment must be dismissed. Generally, when "a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was 'manifest necessity' for the mistrial or 'the ends of public justice would otherwise be defeated'" (People v Ferguson, 67 NY2d 383, 388 [1986], quoting United States v Perez, 22 US 579, 580 [1824]; see Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; Matter of Enright v Siedlecki, 59 NY2d 195, 199-200 [1983]). In contrast, if the defendant requests or consents to a mistrial, double jeopardy will not preclude a retrial, unless the defendant can demonstrate prosecutorial or judicial misconduct intended to provoke a mistrial (see Matter of Gorghan v DeAngelis, 7 NY3d 470, 473 [2006]; Matter of Davis v Brown, 87 NY2d at 630; Matter of Robar v LaBuda, 84 AD3d 129, 134 [2011]).
Upon learning of defense counsel's potential conflicts of interest, County Court engaged in a lengthy colloquy with the parties, during which they explored — to no avail — ways to avoid the conflict, including the possibility of the Special Prosecutor foregoing testimony from the witnesses. The court explained the ramifications of the conflict to defendant more than once, emphasizing that defense counsel's ethical obligations to his prior clients — the intended prosecution witnesses — could "impact his ability to cross-examine them as vigorously or as effectively or as thoroughly as he otherwise would." Following this explanation, County Court presented defendant with the choice to waive any conflict and proceed with his assigned counsel or request the assignment of new counsel, thereby necessitating a mistrial and a retrial. Although defendant asserted that he did not "want to do this again," he also expressed discomfort with being at a disadvantage should his assigned counsel be unable to fully cross-examine either of the prosecution witnesses and ultimately stated, "I'd like to seek new counsel, I guess." Later, in response to County Court's additional queries, defendant confirmed that he wanted a new attorney and reasserted his unwillingness to waive any potential conflict of interest. Thereafter, County Court asked if there was an application for a mistrial, to which defendant — through his assigned counsel — stated that there was.[FN3] Upon our review of the entire colloquy, we find that defendant requested and, thus, consented to a mistrial (see People v Musmacher, 38 AD3d 920, 921 [2007], lv denied 8 NY3d 988 [2007]; see generally People v Ferguson, 67 NY2d at 389). Inasmuch as the record wholly belies defendant's further contention that County Court and/or the Special Prosecutor deliberately engaged in misconduct intended to provoke a mistrial, defendant's retrial was not barred by double jeopardy protections (see People v Jefferson, 248 AD2d 815, 816 [1998], lv denied 92 NY2d 926 [1998]; People v Arduini, 222 AD2d 965, 966 [1995], lv denied 87 NY2d 1016 [1996]; People v Gemmill, 146 AD2d 951, 952-953 [1989]).
Defendant's remaining contentions — raised in his pro se supplemental brief — are unavailing.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: After County Court granted the mistrial, defendant commenced a CPLR article 78 proceeding seeking to prohibit the People from retrying the case (Matter of Ellis v Cawley, 154 AD3d 1225 [2017], appeal dismissed 30 NY3d 1087 [2018]). This Court ultimately dismissed the petition on mootness grounds (id.).

Footnote 2: Defendant has not raised any arguments relating to his appeal from the denial of his CPL 440.10 motion and, therefore, said appeal is deemed abandoned (see People v McCorkle, 67 AD3d 1249, 1250 n [2009]; People v Gibson, 2 AD3d 969, 970 n 1 [2003], lv denied 1 NY3d 627 [2004]).

Footnote 3: Defense counsel's request for a mistrial comported with defendant's express desire for the assignment of new counsel and, further, was consistent with defendant's right to conflict-free representation (see People v Payton, 22 NY3d 1011, 1013 [2013]; People v Wright, 129 AD3d 1217, 1217 [2015], affd 27 NY3d 516 [2016]). Thus, we find no merit to defendant's assertion that his assigned counsel during the jury trial rendered ineffective assistance of counsel by requesting the mistrial.