People v Brown (2021 NY Slip Op 01442)





People v Brown


2021 NY Slip Op 01442


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

104444B 109502

[*1]The People of the State of New York, Respondent,
v
Derrick Brown, Also Known as Derek Brown, Appellant.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Derrick Brown, Hillsdale, appellant pro se.
Meagan K. Galligan, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Lynch, J.P.
Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 13, 2011, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, conspiracy in the fourth degree, attempted petit larceny and unlawful possession of marihuana and, (2) by permission, from an order of said court, entered May 25, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant, then 18 years old, broke into a home with an accomplice looking for items to steal. Unbeknownst to the intruders, the homeowner was upstairs and called the police, who arrived and arrested defendant at the scene. Defendant was charged in an indictment with burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, conspiracy in the fourth degree, attempted petit larceny and unlawful possession of marihuana. In 2011, defendant entered a plea to the indictment with the understanding that the People would recommend a prison term of no more than 12 years, followed by five years of postrelease supervision; County Court made no sentencing commitment but stated that the sentence would not exceed 15 years.
At sentencing, the People recommended that defendant be sentenced to a prison term of 12 years, followed by five years of postrelease supervision, on the burglary conviction and that the remaining lesser-imposed sentences run concurrently, with the exception of a consecutive prison sentence of 1&frac13; to 4 years on the conspiracy conviction. County Court denied defendant's request for youthful offender status and sentenced him as recommended by the People, resulting in an aggregate prison term of 13½ to 16 years in prison, followed by five years of postrelease supervision. This Court affirmed defendant's conviction on appeal (96 AD3d 1236 [2012]). Defendant's subsequent CPL article 440.10 motion to vacate the judgment of conviction was denied in a May 25, 2017 order of County Court. Defendant appeals, by permission of this Court, from that order.[FN1]
In 2019, defendant made a motion to this Court for a writ of error coram nobis seeking to vacate the judgment of conviction on the ground that he was denied the effective assistance of appellate counsel. Specifically, defendant contended that appellate counsel raised only one argument, that defendant's sentence was harsh and excessive, and failed to argue other issues pertaining to the voluntariness of his plea, ineffective assistance of counsel and alleged judicial conflict of interest. Finding merit to defendant's claim, this Court granted defendant's motion, vacated its prior order affirming the judgment of conviction and reinstated the appeal (172 AD3d 1523 [2019]).
To the extent that defendant challenges the denial of his request for youthful offender [*2]status, "the decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Turner, 174 AD3d 1123, 1126 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 985 [2019]; see People v Carl, 188 AD3d 1304, 1307 [2020]). Given the serious nature of the burglary and defendant's other contemporaneous larcenous conduct and criminal history, we are unpersuaded that County Court abused its discretion in denying youthful offender status (see People v Turner, 174 AD3d at 1126; People v Green, 128 AD3d 1282, 1283 [2015]; People v Lacelle, 19 AD3d 869, 870 [2005]).
Turning to the sentence imposed for the burglary conviction, we are unpersuaded that it is harsh or excessive, notwithstanding defendant's laudable postconviction conduct and achievements. Despite making some inappropriate comments, the record reflects that County Court considered appropriate factors in imposing the 12-year prison term, which was consistent with the plea agreement and less than the statutory maximum sentence permissible (see People v Smith, 140 AD3d 1396, 1398 [2016], lv denied 28 NY3d 936 [2016]; People v Murphy, 56 AD3d 951, 951 [2008], lv denied 12 NY3d 786 [2009]; see also Penal Law § 70.02 [3] [b]). We do find, however, that imposing a consecutive sentence in connection with the conviction of conspiracy in the fourth degree renders the aggregate sentence harsh and excessive. The plea agreement, as set forth by the People and as explained to defendant by County Court, failed to mention the possibility that the sentences imposed could run consecutively. Moreover, by the People recommending, and the court imposing, a consecutive prison term in connection with the conspiracy conviction, which resulted in an aggregate prison sentence of 13½ to 16 years, the People's sentencing promise of no more than 12 years in prison and the court's explanation of a maximum sentence of 15 years were violated. As such, we find that the aggregate sentence is harsh and excessive and exercise our interest of justice jurisdiction to modify the sentence by directing that the prison terms for each crime run concurrently (see People v Forkey, 72 AD3d 1209, 1211 [2010]; People v Tesar, 65 AD3d 716, 718 [2009]). In view of the foregoing, we find defendant's remaining contention pertaining to alleged judicial conflict of interest to be academic.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all sentences imposed upon defendant run concurrently to one another, and, as so modified, affirmed.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: As defendant has not raised any specific arguments related to his appeal from the denial of his CPL 440.10 motion, we deem the appeal to be abandoned (see People v Ellis, 182 AD3d 791, 792 n 2 [2020], lv denied 35 NY3d 1026 [2020]).