People v Quarterman (2025 NY Slip Op 03105)

People v Quarterman

2025 NY Slip Op 03105

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

113485
[*1]The People of the State of New York, Respondent,
v
Juan Quarterman, Appellant.

Calendar Date:March 27, 2025

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered July 23, 2020 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
At approximately 6:30 p.m. on November 24, 2018, the victim had just finished work and was walking home in the vicinity of Lincoln Avenue and West Lawrence Street in the City of Albany. He was approached by a group of individuals who knocked him to the ground and demanded his money, and he eventually gave up his cell phone and other valuables after being punched, kicked and beaten in the head with what turned out to be a loaded .22 caliber rifle. Defendant, who had been arrested in April 2019 on charges relating to two December 2018 incidents in which he lured individuals online to meet so they could buy a cell phone and proceeded to rob them at gunpoint when they arrived, came under suspicion as one of the individuals involved in the November 2018 robbery. Defendant was picked up by police in June 2019 after the victim identified him from a photo array as one of the attackers. Following questioning at the police station, he was arrested and charged with offenses related to the November 2018 robbery.
A superseding indictment was handed up which charged defendant with robbery in the first degree and robbery in the second degree as a result of his actions during the November 2018 robbery. In satisfaction of that indictment and the charges relating to the December 2018 robberies, defendant pleaded guilty to the reduced charge of attempted robbery in the first degree and agreed to waive his right to appeal. Supreme Court denied defendant youthful offender status and sentenced him, in accordance with the plea agreement, to a prison term of five years, to be followed by five years of postrelease supervision, and imposed a surcharge and fees. Defendant appeals.
We affirm. The People initially concede, and we agree, that defendant's waiver of the right to appeal is invalid because the oral colloquy and the written appeal waiver both used overly broad and inaccurate language regarding the appellate rights being waived (see People v Thaxton, 222 AD3d 1171, 1172 [3d Dept 2023], lv denied 42 NY3d 930 [2024]; People v Marsh, 221 AD3d 1063, 1064 [3d Dept 2023]; People v Lomack, 219 AD3d 1646, 1647 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]). Although the invalid appeal waiver does not impact upon defendant's challenge to the voluntariness of his plea, or his claim of ineffective assistance of counsel that purportedly impacts the voluntariness of his plea, such issues are unpreserved for our review in the absence of a postallocution motion that he had ample opportunity to make (see People v Lunt, 232 AD3d 1054, 1055 [3d Dept 2024]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]; People v Wimberly, 228 AD3d 1177, 1177-1178 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]). The narrow exception to the preservation requirement was not implicated here, as [*2]defendant made no statements during the plea allocution or at sentencing "that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Lomack, 217 AD3d 1281, 1282 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; see People v Penk, 220 AD3d 990, 991 [3d Dept 2023]). Although defendant stated during the course of the presentence investigation that he was "possibl[y]" under the influence of alcohol at the time he committed the instant offense, that did not oblige Supreme Court to conduct an inquiry regarding a potential intoxication defense (see People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]; People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022]). In any event, we would be satisfied from the record that defendant's plea was knowingly, voluntarily and intelligently entered and that he received meaningful representation.
Given the invalid appeal waiver, defendant's challenges to the denial of his request for youthful offender status and the perceived severity of the sentence imposed are not precluded (see People v Howard, 231 AD3d 1202, 1204 [3d Dept 2024]; People v Wimberly, 228 AD3d at 1178). Whether to grant a defendant youthful offender status "rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Thaxton, 222 AD3d at 1179-1180 [internal quotation marks and citations omitted]; see People v Brown, 192 AD3d 1260, 1261 [3d Dept 2021]). In response to the People's opposition to defendant being adjudicated a youthful offender, defense counsel noted, among other things, that defendant had no criminal history, was employed upon his release from custody, had strong family support, accepted responsibility, was cooperative and showed remorse. Supreme Court determined that those factors were outweighed by the targeted and violent nature of the November 2018 robbery and the injuries suffered by the victim — injuries that could have easily been fatal given that the victim was beaten in the head with a rifle and required staples to close his wounds — in addition to the reality that defendant's guilty plea resolved charges relating to his involvement in two other premeditated armed robberies. Suffice it to say, we are unpersuaded that Supreme Court abused its discretion in denying defendant youthful offender treatment given those facts (see People v Brown, 192 AD3d at 1261; People v Green, 128 AD3d 1282, 1283 [3d Dept 2015]).
As to the sentence imposed, given the advantageous plea agreement and the circumstances of the crime, the agreed-upon sentence, which was close to the statutory minimum sentence (see Penal Law §§ 70.02 [1] [a], [b]; [3] [b]), is not unduly harsh or severe (see CPL 470.15 [6] [b]). To the extent that defendant challenges the imposition of the mandatory surcharge [*3]and other fees, the issue is unpreserved as he did not raise any objection at sentencing or otherwise move for resentencing pursuant to CPL 420.10 (5) (see People v Delosh, 227 AD3d 1276, 1277 [3d Dept 2024]; People v Page, 138 AD3d 1313, 1314 [3d Dept 2016], lv denied 27 NY3d 1154 [2016]). Finally, we decline defendant's invitation to take corrective action in the interest of justice regarding his youthful offender status or to reduce the sentence and/or surcharge and fees.
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.