People v Jackson
2026 NY Slip Op 03477
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Harold Jackson, Appellant.

Decided and Entered:June 4, 2026
CR-23-0364
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Paul J. Connolly, Delmar, for appellant, and appellant pro se.
Danielle Neroni Reilly, Special Prosecutor, Albany, for respondent.

[*1]
Ryba, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered April 8, 2022 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree and criminal sexual act in the first degree.
Defendant was indicted on charges of rape in the first degree and criminal sexual act in the first degree arising from allegations that, in May 2015, he subjected the victim to sexual conduct by forcible compulsion. Following a jury trial in 2016 before Supreme Court (Breslin, J.), defendant was convicted as charged. By decision dated October 17, 2019, this Court reversed the judgment of conviction due to jury selection errors and remitted the matter for a new trial (176 AD3d 1312 [3d Dept 2019]). Pretrial proceedings before County Court (Carter, J.) ensued, and the People filed a certificate of compliance (hereinafter COC) and statement of readiness on March 6, 2020. However, based upon the People's admission that they were not in fact ready to proceed to trial, County Court ruled that the People's declaration of readiness was invalid. In a subsequent decision, County Court determined that 66 days were chargeable to the People for speedy trial purposes through April 28, 2020.
Due to further delays caused in part by motion practice, discovery issues and the COVID-19 pandemic, defendant's retrial did not commence until August 23, 2021. After the jury was selected and the jurors were individually sworn, defendant moved for a mistrial based upon the People's late disclosure of certain materials related to their serology expert and the victim's mental health history. Supreme Court (McDonough, J.) granted the motion with the People's consent. The People thereafter filed a new COC and statement of readiness on December 20, 2021. At the commencement of the second retrial on January 24, 2022, defendant moved to dismiss the indictment on double jeopardy and speedy trial grounds. Supreme Court denied the motion, finding in relevant part that the People's March 6, 2020 filings were proper for speedy trial purposes. Defendant was ultimately convicted as charged following a jury trial and was sentenced, as a persistent violent felony offender, to consecutive prison terms of 25 years to life on each conviction. Defendant appeals.
Defendant first contends that his convictions are not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. To establish rape in the first degree at the time the charges were brought, the People were required to prove that defendant "engage[d] in sexual intercourse with another person . . . [b]y forcible compulsion" (Penal Law § 130.35 [former (1)]). Sexual intercourse constituted "any penetration, however slight" (Penal Law § 130.00 [former (1)]), and, as relevant here, forcible compulsion means to compel by use of physical force (see Penal Law § 130.00 [8] [a]). As charged in this case, criminal sexual act in the first degree requires proof that defendant "engage[*2][d] in . . . anal sexual conduct with another person . . . [b]y forcible compulsion" (Penal Law former § 130.50 [1]). Anal sexual conduct means "conduct between persons consisting of contact between the penis and anus" (Penal Law § 130.00 [former (2) (b)]), and again the People were required to prove that the conduct was compelled by the use of physical force (see Penal Law § 130.05 [2] [a]).
At trial, the victim testified that on the date in question, defendant, who was known to the victim from prior casual encounters, lured the victim to his apartment and urged the victim to undress and change into different clothes. The victim testified that defendant then initiated unwanted sexual contact, became forceful when repeatedly told to stop, pushed the victim onto a sofa and restrained both arms while engaging in sexual penetration and attempting anal sexual assault. The victim promptly disclosed the incident to family members and sought medical treatment, including a sexual assault examination. The victim reported the incident to police and participated in the investigation, including identifying defendant's apartment as the location of the crime and participating in recorded telephone calls with defendant. At trial, the victim acknowledged certain prior inconsistencies and mental health issues but steadily maintained the truth of the account provided.
The People introduced evidence including photographs, text messages and witness testimony that corroborated the victim's version of events. A sexual assault nurse examiner testified that the victim presented with genital redness and tenderness consistent with sexual assault, and although the victim did not appear to have any significant physical injuries, the nurse testified that this was not necessarily incompatible with the victim's allegations. Forensic testing confirmed that DNA consistent with defendant was found on the victim's perianal region, and, consistent with the victim's account, blood and concentrations of prostate specific antigen consistent with seminal fluid were found in the victim's genital region. Similarly, forensic evidence confirmed the presence of a sperm cell on the victim's anal swab.
Viewing this evidence in a light most favorable to the People, there is a "valid line of reasoning and permissible inferences from which a rational jury could conclude that defendant was guilty" of both crimes charged (People v Cruz, 238 AD3d 1327, 1330 [3d Dept 2025] [internal quotation marks and citation omitted], lv denied 43 NY3d 1054 [2025]; see People v Gilmore, 200 AD3d 1184, 1188-1189 [3d Dept 2021], lv denied 38 NY3d 927 [2022]). The victim's testimony together with the medical and forensic evidence is legally sufficient to establish that defendant engaged in both sexual intercourse and anal sexual conduct with the victim by forcible compulsion (see People v Schinnerer, 192 AD3d 1395, 1396 [3d Dept 2021], lv denied 37 NY3d 968 [2021]; People v Blackman, 90 AD3d 1304, 1306-1307 [3d Dept [*3]2011], lv denied 19 NY3d 971 [2012]). Addressing the weight of the evidence, the existence of certain inconsistencies in the victim's testimony merely created a credibility issue for the jury and did not render that testimony patently unbelievable or incredible as a matter of law (see People v Mayette, 233 AD3d 1097, 1101 [3d Dept 2024], lv denied 43 NY3d 945 [2025]; People v Rivera, 206 AD3d 1356, 1357-1358 [3d Dept 2022], affd 39 NY3d 1062 [2023], cert denied ___ US ___, 143 S Ct 2675 [2023]). The victim's credibility was thoroughly scrutinized on cross-examination and the jury's decision to nonetheless accept the victim's version of events is afforded great deference, especially given the ample corroborating evidence offered by the People (see People v Harris, 246 AD3d 1300, 1303-1304 [3d Dept 2026]; People v Hoffman, 244 AD3d 1588, 1595 [3d Dept 2025], lv granted 45 NY3d 940 [2026]; People v Ferrara, 243 AD3d 962, 964 [3d Dept 2025], lv denied 45 NY3d 945 [2026]). Thus, while a different verdict would not have been unreasonable had the jury rejected the victim's testimony, affording deference to the jury's credibility determinations and viewing the evidence in a neutral light, we find that the verdict is supported by the weight of the evidence (see People v Monk, 237 AD3d 1250, 1252-1253 [3d Dept 2025]; People v Rivera, 206 AD3d at 1357-1358).
Next, defendant contends that principles of double jeopardy barred his second retrial because jeopardy attached once the jury was sworn in his first retrial and the mistrial was necessitated by the People's late disclosure. Jeopardy attaches once the jury has been impaneled and sworn and embraces the defendant's right to be free from reprosecution if the first trial does not proceed to conclusion (see Matter of Rivera v Firetog, 11 NY3d 501, 506 [2008], cert denied 556 US 1193 [2009]; Matter of Robar v LaBuda, 84 AD3d 129, 133 [3d Dept 2011]). Thus, if a mistrial is declared without the defendant's consent, retrial is generally barred by double jeopardy protections (see Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; People v Ellis, 182 AD3d 791, 792 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; Matter of Robar v LaBuda, 84 AD3d at 133-134). However, a mistrial declared at the request or with the consent of the defendant will not preclude retrial unless it was provoked by prosecutorial conduct intentionally designed to prompt a mistrial (see Matter of Guiden v Jose-Decker, ___ AD3d ___, ___, 252 NYS3d 306, 308 [2026]; People v Hunter, 219 AD3d 975, 977 [3d Dept 2023]; People v Casalino, 204 AD3d 1078, 1079 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]; People v Ellis, 182 AD3d at 792). Here, even assuming that jeopardy had attached at the time the mistrial was declared, the record is devoid of any indication that the People's disclosure omissions were motivated by the intent to provoke a mistrial. Absent a showing of such intent, defendant's request for a mistrial precludes application of double jeopardy [*4]to bar the second retrial. Accordingly, Supreme Court properly denied defendant's motion to dismiss on double jeopardy grounds.
Addressing defendant's challenge to the denial of his speedy trial motion, pursuant to CPL 30.30 (1) (a), the People must be ready for trial within six months of the commencement of a criminal action charging a felony (see CPL 30.30 [1] [a]; People v Coffey, 244 AD3d 1609, 1611 [3d Dept 2025]). Where, as here, a retrial is ordered, the action is deemed commenced on the date the order directing a new trial becomes final (see CPL 30.30 [7] [a]). To be deemed ready for trial, the People must provide both a statement of readiness pursuant to CPL 30.30 and a proper COC demonstrating compliance with their discovery obligations under CPL article 245 (see CPL 245.50 [former (1)]; People v Bay, 41 NY3d 200, 211 [2023]). Once a statement of readiness has been made, if the court determines that the People are not, in fact, presently ready to proceed to trial, the "statement or notice of readiness shall not be valid" (CPL 30.30 [5] [a]). Additionally, while a COC will be deemed illusory if the People's disclosure requirements have not been met, it may nonetheless be validated if the People have used due diligence and good faith efforts to provide all information subject to discovery (see CPL 245.50 [former (1)]; People v Bay, 41 NY3d at 212; People v Stanley, 246 AD3d 1218, 1223 [3d Dept 2026]).
Here, the six-month speedy trial period commenced on October 17, 2019, when this Court reversed defendant's conviction and ordered a new trial. Although the People filed a statement of readiness and COC on March 6, 2020, well within the six-month time period, they conceded that they were not actually ready to proceed to trial at that time. Consistent with CPL 30.30 (5) (a), County Court ruled that the People's statement of readiness was invalid based on their inability to actually proceed to trial. Since there were questions related to the People's readiness to proceed on March 6, 2020, Supreme Court erred in denying defendant's speedy trial motion prior to a fact-finding hearing. In this circumstance, Supreme Court was instead required to conduct a hearing to determine what portion of the delay was attributable to the People, measured from April 28, 2020, when they were charged with 66 days by County Court, through December 20, 2021, when they were actually ready for trial. As no such hearing was conducted, the record is insufficient for this court to determine defendant's speedy trial claim. Accordingly, we hold the appeal in abeyance and remit the matter to Supreme Court for a hearing and determination on such claim (see People v Pittman, 221 AD3d 1256, 1259 [3d Dept 2023]; People v O'Day, 200 AD3d 1495, 1498 [3d Dept 2021]).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.